

# NUMBERS
## 13-11-00419-CR
## 13-11-00420-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROBERT CHARLES EDWARDS JR.**
**A/K/A ROB EDWARDS,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion by Chief Justice Valdez[1]

Appellant, Robert Charles Edwards Jr. a/k/a Rob Edwards, pleaded guilty to the

offense of possession of less than one gram of cocaine, a state jail felony, in appellate

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

cause number 13-11-00419-CR, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010); *see also id.* § 481.102(3)(D) (West 2010), and burglary of a habitation, *see* TEX. PENAL CODE ANN. § 30.02 (West 2003), in appellate cause number 13-11-00420-CR. Pursuant to an agreed punishment recommendation, for the offense of possession of a controlled substance, the trial court sentenced Edwards to confinement in state jail for a term of two years, suspended the sentence, and placed Edwards on community supervision for a term of four years and assessed a $500.00 fine. For the offense of burglary of a habitation, the trial court deferred adjudication and placed Edwards on community supervision for ten years.

The State then filed a motion to revoke alleging that Edwards had violated the terms of his community supervision. After hearing evidence, the trial court found that Edwards violated three terms of his community supervision, revoked Edwards's community supervision, found him guilty of the offenses of possession of cocaine and of burglary of a habitation. For the offense of possession of a controlled substance, the trial court assessed punishment of confinement in the state jail for two years, and for the burglary of a habitation offense, the trial court assessed punishment of confinement for fifteen years. The sentences are to run concurrently. The trial court certified Edwards's right to appeal, and this appeal followed. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Edwards's appellate counsel has filed a brief with this Court stating that after diligently reviewing the record and researching the law, she has found no reversible error committed by the trial court and no arguable grounds of error upon which an appeal can be predicated. Although

2

counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Edwards's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel has informed this Court that she has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served copies of the brief and counsel's motion to withdraw on Edwards; and (3) informed Edwards of his right to review the record and to file a pro se response.[2]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  On November 14, 2011, this Court received Edwards's pro se response.[3]  *See In re Schulman*, 252 S.W.3d at 409.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[3] This Court granted Edwards's motion for an extension of time to file his pro se response; the response was due on October 24, 2011.  Although we have received Edwards's pro se response, he has not filed a motion for leave to file it late.  However, in the interest of justice, we have reviewed his pro se response for purposes of this appeal.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record, counsel's brief, and Edwards's pro se response, and we have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgments of the trial court.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, Edwards's attorney has asked this Court for permission to withdraw as counsel.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motions to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgments to Edwards and advise him of his right to file a petition for discretionary review.[4]  *See* TEX. R. APP. P. 48.4; *see also In re*

---

[4] No substitute counsel will be appointed.  Should Edwards wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or

4

*Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
1st day of December, 2011.

---

timely motion for en banc reconsideration that is overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.